# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**SELSAZ INTEGRATED SERVICES LTD**        **CASE NO.  6:24-CV-01769**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**T & M BOAT RENTALS L L C ET AL**        **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Rule 14(c) Tender filed by third party defendant Lee Felterman & Associates, LLC ("Felterman") under Federal Rule of Civil Procedure 12(b)(6). Doc. 37. Third party plaintiffs DHD Offshore Recycling, LLC and DHD Offshore Services, LLC (collectively, "DHD") oppose the motion. Doc. 42.

## I.
### BACKGROUND

This suit arises from damages allegedly incurred by the M/V *Judy Frances*, a 220' platform supply vessel owned by plaintiff Selsaz Integrated Services, Ltd. ("Selsaz"). Doc. 26. Selsaz alleges as follows: When Selsaz purchased the M/V *Judy Frances*, it was located at Bollinger Safe Harbor. *Id.* at ¶ 12. At the time of purchase Selsaz recognized that the vessel had special qualities that made it uniquely suited for certain commercial needs, including in the transportation and/or tow of other vessels across the Atlantic to Nigeria and then as a Dynamic Positioning vessel off the coast of Nigeria in the oilfield support market. *Id.* at ¶ 11. Selsaz thus contracted with Diamond Services Shipyard, where Selsaz owned other vessels it intended to have transported to Nigeria by use of the M/V *Judy*

*Frances*, to make certain updates to the M/V *Judy Frances* and to prepare the vessel for its planned voyage to Nigeria along with other vessels owned by Selsaz. *Id.* at ¶ 13.

On December 22, 2023, Selsaz, through its broker/agent Felterman, contracted with T&M Boat Rentals LLC ("T&M") out of Berwick, Louisiana, to secure the transport of the M/V *Judy Frances* from Bollinger Safe Harbor to Diamond Services Shipyard on Bayou Black, Louisiana. *Id.* at ¶ 14. T&M then arranged for the M/V *Reed* and M/V *Capt DJ*, two tugs owned and operated by Heritage Marine & Services LLC ("Heritage") to transport the M/V *Judy Frances* to the Diamond Services Shipyard. *Id.* at ¶ 15. On December 23, the M/V *Reed* and M/V *Capt DJ* towed the M/V *Judy Frances* but discharged and moored the vessel along a barge at a salvage yard owned and operated by DHD rather than properly delivering it to Diamond Services Shipyard. *Id.* at ¶¶ 16–17. Selsaz was not notified of the misdelivery until January 8, 2024, when an employee of Diamond Services Shipyard returned from his holiday break and determined that the M/V *Judy Frances* was not at the shipyard. *Id.* at ¶ 18.

At the request of Diamond Services, T&M retrieved the M/V *Judy Frances* from DHD on January 13, 2024, and transported it to Diamond Services Shipyard. *Id.* at ¶¶ 19–20. When personnel from Diamond Services and Selsaz boarded the vessel the following day, they discovered that the vessel had sustained extensive damage at the DHD location. *Id.* at ¶ 21. Specifically, DHD employees or contractors had

> boarded the M/V Judy Frances, cut off the padlock securing the interior of the vessel, entered and began removing and destroying equipment, windows, wiring, components, interior walls, paneling, floors, A/C, refrigeration units, furniture and other items, all of which requires SELSAZ to make significant

repairs to return the vessel to its pre-December 23, 2023 condition and to its anticipated service.

*Id.* at ¶ 22.

Selsaz brought a maritime action in this court against T&M, Heritage, and DHD, seeking to recover for the damages to the M/V *Judy Frances* caused by the defendants' alleged negligence and breach of contract. Docs. 1, 26. DHD filed a Rule 14(c) Tender against defendants Heritage and T&M and added as third-party defendants Felterman, Diamond Services Corporation, and Diamond Services Shipyard. Doc. 29. There DHD repeated many of the allegations from the complaint and asserted, in relevant part, that Felterman and the others were liable for their

> failure to exercise due diligence or proper industry standards in delivery of the vessel; failure to train and equip adequately trained personnel; failure to adequately instruct; failure to follow through and confirm delivery of vessel to proper delivery location; failure to confirm proper delivery in a timely fashion; failure to act prudently to prevent vessel trespass; and other acts of negligence in the failure to securely transport the M/V *Judy Frances* to be shown at trial.

*Id.* at ¶ 15.

Felterman now moves to dismiss the claims raised against it in the Rule 14(c) Tender, asserting that there is no factual basis for its liability among the allegations. Doc. 37. Thus, it maintains, the Rule 14(c) Tender against it must be dismissed under Federal Rule of Civil Procedure 12(b)(6). DHD opposes the motion, arguing that "[t]he alleged facts establish that Felterman was tasked with and agreed to secure the transportation of the Vessel" and that it is thus liable for its misdelivery and resulting damage. Doc. 42.

## II.
### LAW & APPLICATION

**A.  Legal Standards**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B.  Application**

Rule 14(c) provides:

Admiralty or Maritime Claim.
(1) *Scope of Impleader*. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-

> party defendant who may be wholly or partly liable – either to the plaintiff or to the third-party plaintiff – for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> (2) *Defending Against a Demand for Judgment for the Plaintiff*. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c). The rule "requires the third-party plaintiff (1) to assert an action sounding [in] admiralty or maritime, (3) that arises out of 'the same transaction, occurrence, or series of transactions or occurrences' as the plaintiff's original claim, and (3) over which the district court has jurisdiction." *Supreme Rice, L.L.C. v. Turn Servs., L.L.C.*, 475 F. Supp. 3d 556, 560 (E.D. La. 2020) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242–43 (5th Cir. 2009)).

DHD's Rule 14(c) Tender seeks to hold Felterman and the other named defendants liable under a theory of negligence. Doc. 29. "[N]egligence is an actionable wrong under general maritime law." *Withhart v. Otto Candies, LLC*, 431 F.3d 840, 842 (5th Cir. 2005). To state a claim, the plaintiff "must 'demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (quoting *In re Cooper/T. Smith*, 929 F.3d 1073, 1077 (5th Cir. 1991)). The negligence standard applied under general maritime law is "more or less the same" as that applied under Louisiana law. *Hicks v. BP Expl. &*

*Prod., Inc.*, 310 F.Supp.3d 754, 759 n. 8 (E.D. La. 2018) (citing *In re Cooper/T. Smith*, 929 F.2d at 1077).

Under Louisiana jurisprudence, a marine broker is not liable for damage occurring to a vessel in transport when the broker had no operational control of the vessel and instead merely facilitated the transaction. *Oceaneering Int'l, Inc. v. Black Towing Inc.*, 491 So.2d 1, 4–5 (La. 1986). In its opposition brief DHD contends that Felterman was hired "to spearhead the vessel transportation operation to secure the transportation of the Vessel from Bollinger Safe Harbor to Diamond Services Shipyard to undergo the updates." Doc. 42, p. 6. But the allegations in both the Amended Complaint and Rule 14(c) Tender only establish that Felterman acted as "broker/agent" for Selsaz in contracting with T&M for the vessel's transport. Doc. 26, ¶ 14; doc. 29, ¶ 12. There is no basis from which the court can conclude that Felterman had the opportunity, much less the duty, to involve itself in the operational details that allegedly led to the vessel's misdelivery.

DHD contends that "discovery is necessary to determine the specific roles of Felterman and other Third-Party Defendants," but admits that it has "limited knowledge of the specific facts which led to the Vessel being improperly discharged . . . ." *Id.* Even if the claims against Felterman are dismissed, DHD may still obtain such information through discovery from the other parties or third-party subpoena to Felterman. *See, e.g.*, *Windmill Distrib. Co., L.P. v. Jaigobind*, 2023 WL 4565402 (E.D.N.Y. May 11, 2023) (declining to "tether [a party] to this action based on something that can be achieved through other simpler means, such as a third-party subpoena."). The court will dismiss the third-party

claims against Felterman without prejudice to DHD's right to amend, within 60 days, if it can uncover a sufficient factual basis for Felterman's liability.

### III.
### CONCLUSION

For the reasons stated above, the court will **GRANT** the Motion to Dismiss [doc. 37] and dismiss all claims raised against third-party defendant Felterman in the Rule 14(c) Tender, without prejudice to DHD's right to amend the pleading with 60 days.

**THUS DONE AND SIGNED** in Chambers on the 21st day of October, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**